†SCHWARTZ V. CINCINNATI ST. R'Y. CO.

1. **RIDING ON STREET CAR STEP NOT NEGLIGENCE PER SE.**

   Riding on a street car on the steps or outside the fender or chain on the side towards the parallel track is not negligence as a matter of law.

2. **QUESTION OF CONTRIBUTORY NEGLIGENCE MUST GO TO JURY.**

   If a passenger, while there, is struck by his car running off the track into a passing car, it is error to non-suit, although he would not have been struck if inside the chain, and the question of contributory negligence must go to the jury.

3. **JUDICIAL NOTICE TAKEN OF HOW STREET CARS ARE RUN.**

   Courts will take judicial notice of how street cars are run.

ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

This was an action in the court of common pleas for damages for the killing of one Schwartz. At the conclusion of plaintiff's evidence, defendant moved the court to direct the jury to return a verdict for the defendant, which motion the court granted. To this action of the court, error is prosecuted in this court.

The facts are substantially as follows: Schwartz boarded defendant's car while in motion, getting on the front step of the rear car. There was a chain suspended across the entrance, fastened with snaps so that it could be loosened and fastened by employees or passengers. He rode a square in the same position that he took upon boarding the car. By reason of a misplaced or defective switch, the car, upon which Schwartz was riding, left the track upon which it was going and was brought in collision with one of the defendant's cars going in an opposite direction upon a parallel track on the same street, and Schwartz was killed. The car was crowded, but there was room further up on the front steps and platform, although other passengers were there. There were other facts, but we do not deem it necessary to mention them. The question is, can the court say, without having submitted the case to the jury, that Schwartz's negligence contributed to the proximate cause of the injury?

Courts will take judicial notice of the way street cars are run. It is a matter of universal knowledge in a city like this, where a very large portion of

---

* The judgment in this case was affirmed by the Supreme Court in 52 O. S., 661, unreported; Shauck and Burket. JJ., dissenting, and Spear. J., not sitting. The circuit decision, as to judicial notice, is followed by the same court in Bethel v. St. Ry. Co., 8 Circ. Dec., 310.

its citizens daily ride in street cars, it seems to be taken for granted by the street car companies that the traveling public know how to act while boarding and riding in the cars, for, aside from gates, chains and fenders on the side of cars next to cars on parallel tracks, and the printed notice, "Don't talk to Motorman," we know of no information conveyed to the public as to their conduct.

The gates, chains and fenders on the side of the car next to a parallel track can convey but this information. The gate and chain at the steps are simply an arrangement to prevent passengers from getting on and off on that side of the car. It is evidently a reasonable and necessary precaution on the part of the company. The distance between the tracks is not great, and passengers would be in constant danger from a passing car in the opposite direction, and frequently the passenger would have no knowledge of the approach of this car.

The fenders along the sides of the cars are a reasonable and necessary precaution on the side next to the cars passing on a near parallel track; they are placed there for the purpose of preventing passengers from placing any portion of their bodies outside of the car, for fear of coming into collision with a near passing car.

These fenders are not on cars which run on single tracks, nor are they on outside of cars on double tracks. The purpose is plain and simple.

The purpose of the gate or chain is equally plain. As said before, it is to prevent passengers from getting on and off the side next to a passenger car, on a near parallel track. To this extent and no more, is it a warning to passengers. To this extent and no more, it is intended to be a warning by the street car company.

Schwartz was not injured in getting on or off the car by a car passing on a parallel track.

Was it negligence *per se* for Schwartz, to remain on the step, or rather did the court as a matter of law have the right to say so to the jury? We do not think the court could say that it was negligence *per se* for a passenger to ride upon the step of a street car. Hundreds, probably thousands, ride upon the steps or running boards of streets cars in Cincinnati every day with the knowledge and at the request of the street car companies of this city. It is a matter of universal knowledge that such is the case, and certainly the street car company does not consider it dangerous to so ride, for if they did, the same care and precaution which prompts them to put up gates and fenders would cause them to devise some means of preventing passengers from riding on the steps of cars. If Schwartz, while on this step, had been struck by a passing car, in the same way that he might have been struck while boarding the car, it might well be said that he had contributed to his injury, for the chain was a warning to him that he was liable to be caught between passing trains. And it would have made no difference whether he had been struck just at the time of boarding the car or shortly after, for we take it that the chain might fairly be considered as a warning that not only must a passenger not get on or off on that side of the car, but also that there are cars running so close on a parallel track that it is dangerous for the passenger to expose his body any distance beyond the limits of the car. Further than this, we can see no notice to the passenger. It certainly is not a notice to him that it is dangerous to ride on the step. There can be no danger to one riding on a step of a street car from a passing car. If the car that killed Schwartz had passed by, as the company led its passengers to believe it would, and as the company and Schwartz believed it would, and which, but for the negligence of the company, it would have done, Schwartz would not have been hurt. How, then, can it be said that Schwartz contributed to his own injury?

It is true that if Schwartz hadn't been where he was he would not have been killed. This may well be true, and yet Schwartz, in law, may not have contributed to the injury. Beach, 2d Ed., 47, says:

"The law holds no one responsible for exposing himself to a danger of which he knew nothing, and of which he was under no obligation to inform himself. We must use ordinary care and prudence to avoid the ordinary and usual perils that beset us; but we are not bound to guard against those which we have no reason under the circumstances to suspect. Hence, knowledge of the probable danger or a sufficient reason to apprehend it is essential to constitute contributory negligence."

We believe the foregoing to be a clear and concise statement of the law.

Applying the principle to the facts in this case, what are the rights of the parties?

Evidently the company did not anticipate that there was any danger while running its cars that the switch in question would throw a car over onto the other track. If the company had so believed, it certainly would have removed the switch, or run its cars so carefully at this point as to avoid danger. Evidently, therefore, the company did not intend by placing a chain across the front steps of the rear car give any notice to passengers that the switch in question was liable to throw the south car over to the north track and bring it into collision with a car passing on the north track, and that, therefore, it would be a dangerous place for one to be on the front step of the rear car at the time of the collision, and if the company did not intend it to be a warning to the passengers for such purpose, it would hardly be reasonable to hold the passenger charged with such knowledge.

By what sort of reasoning should a passenger be charged with knowledge of danger in riding on the company's cars which the company itself did not apprehend, and by what sort of reasoning should the passenger be charged with notice of a danger which the company itself had not intended to give, and had not in fact given, of such danger?

It seems to us clear that Schwartz was not informed, and as a reasonable, prudent man had no reason to believe that while he stood on the steps of the defendant's car that he was in danger from a collision from a passing car. If he had no such knowledge, and as a reasonable, prudent man should not have apprehended such danger, the law will not charge him with it, and he stands without fault. The case should have gone to the jury as to the negligence of the company under proper instructions.

The judgment of the court of common pleas will therefore be reversed and the cause remanded for further proceedings.

*Wolfe & Michie*, for plaintiff in error.

*Paxton, Warrington & Boutet*, and *Kittredge, Wilby & Simmons*, contra.